STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER K. PELHAM (Cal. Bar No. 241068)
Assistant United States Attorney
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0610
    Facsimile: (213) 894-0142
    E-mail:   christopher.pelham@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>         v.<br><br>SANTOS CARLOS GARCIA-RODRIGUEZ,<br><br>      Defendant. | No. CR 14-267-MWF<br><br>GOVERNMENT'S SENTENCING POSITION AS TO DEFENDANT SANTOS CARLOS GARCIA-RODRIGUEZ |

      Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Christopher K. Pelham, hereby files it sentencing position as to defendant SANTOS CARLOS GARCIA-RODRIGUEZ ("defendant") in the above-captioned case.

1    This sentencing position brief is based upon the attached

2 memorandum of points and authorities, the files and records in this

3 case, and such further evidence and argument as the Court may permit.

4    For the reasons set forth in the attached memorandum, the

5 government believes that defendant should be sentenced to a term of

6 imprisonment of **108 months.**

7

8 Dated: April 27, 2015            Respectfully submitted,

9                                  STEPHANIE YONEKURA
                                   Acting United States Attorney
10
                                   ROBERT E. DUGDALE
11                                 Assistant United States Attorney
                                   Chief, Criminal Division
12

13                                 _____/s/_____
                                   CHRISTOPHER K. PELHAM
14                                 Assistant United States Attorney

15                                 Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA
16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION AND FACTUAL BACKGROUND**

On January 5, 2015, defendant pleaded guilty to one count of drug conspiracy, in violation of 21 U.S.C. § 846 and Count One of the Indictment.  Defendant pleaded guilty to a lesser-included form of Count One, under which defendant faces no mandatory minimum sentence and a maximum sentence of 240 months.

Under his plea agreement with the government, defendant stipulated and admitted that between about December 2011 and August 2012, defendant and others agreed and conspired to distribute methamphetamine and cocaine throughout California.  (Plea Agreement ¶ 9.)  Defendant agreed that he served as a proxy for one of the conspiracy's senior members and, in that connection, maintain "stash houses in and around Los Angeles County.  (Id.)  Defendant agreed that he made a number of phone calls and oversaw at least one drug delivery in furtherance of that conspiracy.  (Id.)

At defendant's change-of-plea hearing on February 4, 2014, however, defendant refused to admit the conduct set forth in the parties' factual stipulation.  Instead, defendant would only admit that he conspired with at least one other person to distribute drugs from a stash house.

In the Plea Agreement, defendant and the government reserved their right to argue for other adjustments, and the parties did not stipulate as to any role or other factors for sentencing.  The parties did agree, however, that defendant would be subject to the base offense level of 32 under § 2D1.1(c)(4) (which pertains to the distribution, or planned distribution, of between 150 grams and 500 grams of actual methamphetamine).  (Plea Agreement ¶ 11.)

**II.   FINDINGS AND RECOMMENDATIONS OF THE PROBATION OFFICE**

The Probation Office adopted much of the parties' stipulated factual basis from the plea agreement.  (PSR ¶¶ 5-16.) Among other findings, the Probation Office determined the following:

- That defendant knowingly joined a conspiracy to distribute methamphetamine and cocaine throughout Southern California. (PSR ¶ 8.)

- That defendant served as a proxy for one of the conspiracy's leaders, in connection with which he would "assist in the distribution of drugs from, and the receipt of drug proceeds, at . . . stash houses."  (PSR ¶ 9.)

- That defendant talked to a leader of his conspiracy about setting up a long-term methamphetamine distribution arrangement with a dealer in Fresno.  (PSR ¶ 11.)

- That defendant, over the telephone, confirmed the shipment of methamphetamine from a stash house that he oversaw in South Los Angeles.  (PSR ¶ 13.)

- That on April 30, 2012, defendant attempted to coordinate the delivery of over 250 grams of actual methamphetamine to a Fresno-based distributor.  (PSR ¶¶ 14-15.)

The Probation Office further found that defendant has a criminal history category of III, based, in part, on two prior drug convictions (one in Georgia and one in California).  (PSR ¶¶ 38-39.) The Probation Office also found that defendant committed the instant offense while serving probation on a 2008 drunk driving conviction. (PSR ¶¶ 37, 41.)  After accounting for a three-level adjustment for acceptance-of-responsibility (resulting in a final offense level of

2

29), the Probation Office determined defendant's sentencing range to be 108-135 months.

## III.  DEFENDANT'S RECOMMENDATION AND ARGUMENT

As noted above, defendant did not admit the factual basis that the parties negotiated in, and that defendant accepted when he signed, the Plea Agreement.  In his April 20, 2015 sentencing brief, defendant suggested that he was only responsible for monitoring a single drug transaction, on behalf of co-defendant Marcelino Arredondo, on April 30, 2012.  (Defendant's Sentencing Position at 4.)  Nevertheless, defendant also indicated that he "has no objections to the USPO guideline calculations regarding drug quantity and criminal history category." (Defendant's Sentencing Position at 4.)  Defendant also did not contest the factual findings in the PSR.

## IV.  GOVERNMENT'S RECOMMENDATION

The government urges the Court to strongly consider the Probation Office's factual findings when determining defendant's sentence.  See, e.g. United States v. Marin-Cuevas, 147 F.3d 889, 895 (9th Cir. 1998) (a district court may rely on the uncontested assertions of a PSR to establish, by a preponderance of the evidence, predicate facts at sentencing).  As the PSR makes clear, defendant's involvement in this case did not just involve a discrete, one-off provision of assistance to one of the co-defendants.  Instead, defendant maintained a critical position in the conspiracy over a period of months.  In furtherance of that conspiracy, defendant trafficked a significant quantity of methamphetamine.

In aggravation, and as highlighted in the PSR, this is defendant's third drug offense.  Furthermore, defendant committed this offense while under probation for his March 26, 2008 DUI

conviction.  (PSR ¶¶ 37, 41.)  Defendant has not shown a willingness to conform to the mandates of prior sentencing courts and does not appear to be taking his legal responsibilities seriously. Accordingly, the government does not believe that a sentence below the low-end of the applicable guidelines will be sufficient in this case.

For these reasons, the government respectfully recommends that the Court sentence defendant as suggested by the PSR.