```
 1                    UNITED STATES OF AMERICA

 2                   UNITED STATES DISTRICT COURT

 3                  CENTRAL DISTRICT OF CALIFORNIA

 4                         CENTRAL DIVISION

 5                              - - -
                  HONORABLE MICHAEL W. FITZGERALD
 6              UNITED STATES DISTRICT JUDGE PRESIDING
                                - - -
 7

 8   UNITED STATES OF AMERICA,      )
                                    )
 9              PLAINTIFF,          )
                                    )
10   VS.                            )     CR 14-267-MWF
                                    )       (SEALED)
11   SANTOS CARLOS GARCIA-RODRIGUEZ,)
                                    )
12              DEFENDANT.          )
     _____)
13

14

15

16            REPORTER'S TRANSCRIPT OF STATUS CONFERENCE

17                     LOS ANGELES, CALIFORNIA

18                        JANUARY 13, 2015

19

20

21

22

23                    ROSALYN ADAMS, CSR 11794
                    FEDERAL OFFICIAL COURT REPORTER
24               312 NORTH SPRING STREET, ROOM 410
                   LOS ANGELES, CALIFORNIA 90012
25                        (213) 894-2665
```

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT**

```
 1    APPEARANCES:

 2    ON BEHALF OF THE PLAINTIFF:

 3            Office of the United Stater Attorney
              Assistant United States Attorney
 4            BY:  Christopher K. Pelham
              Major Frauds Section
 5            312 North Spring Street
              Suite 1100
 6            Los Angeles, California 90012
              (213) 894-0610
 7

 8    ON BEHALF OF DEFENDANT:

 9            Law Offices of Michael S. Meza
              BY:  Michael S. Meza
10            333 City Boulevard West
              17th Floor
11            Orange, California 92868
              (714) 564-2501
12

13

14

15

16

17

18

19

20

21

22

23    ALSO PRESENT:  Elsa Martin, Spanish Language Interpreter

24

25
```

```
 1    Los Angeles, California; Tuesday, January 13, 2015; 10:00 am
 2                              --oOo--
 3
 4
 5         THE CLERK:  Calling item number one, case number CR
 6    14-267-MWF:  *United States v. Santos Carlos Garcia-Rodriguez*.
 7         Counsel, please state your appearance for the
 8    record.
 9         MR. PELHAM:  Good morning, Your Honor.
10         Christopher Pelham with the United States.
11         THE COURT:  Mr. Pelham.
12         MR. MEZA:  Good morning, Your Honor.
13         Mike Meza and also present is Mr. Garcia who is
14    present in custody, being assisted by the Spanish Language
15    Interpreter.
16         THE COURT:  Good morning, Mr. Garcia-Rodriguez.
17    Good morning, Mr. Mesa.
18         This hearing relates to the attorney-client
19    relationship; therefore, it will be conducted in camera.
20         Mr. Pelham, I'll ask you to leave the courtroom.
21         (Government counsel exits courtroom.)
22         (The proceedings that followed were ordered sealed
23              by the Court and are as follows:)
24         THE COURT:  The courtroom has now been closed.  We
25    are meeting in camera.  All those present are ordered not to
```

1   disclose what occurs at this status conference without
2   further order of the Court.  This applies to the deputy
3   marshals.
4           Deputies, please state your names for the record.
5   Marshal.
6           DEPUTY MARSHAL:  Deputy Diaz.
7           DEPUTY MARSHAL:  Deputy Olmeida.
8           THE COURT:  Mr. Garcia-Rodriguez, I have received a
9   letter from you.  It is written in English so I assume that
10  you received assistance in that, but I also assume that it's
11  reflecting your thoughts.  And, essentially, what you're
12  upset about is your relationship with Mr. Meza in regard to
13  the plea agreement.  And I'm going to give you a chance to
14  talk to me, but before I do that, I want to say a couple of
15  things.
16          Before I became a judge, I was both a prosecutor
17  and defense attorney and I have known Mr. Meza many years.
18  We are not friends, but I have known him professionally both
19  as a prosecutor and then as a defense attorney and he does
20  have a lot of experience.
21          Here, you're facing, obviously, serious charges.
22  Certainly, the Government has a strong negotiating position.
23  Ultimately, whether it's Mr. Meza or whether it's any other
24  lawyer, you'll have to decide whether to accept the plea
25  agreement that the Government is offering or go to trial.

1           I have no role in negotiating the plea agreement
2   and I have no opinion on whether you should go to trial or
3   accept the plea agreement.  That matter is entirely up to
4   you.  Regardless of the plea agreement, I still have the
5   right to sentence you as I see fit.  Ultimately, while the
6   plea agreement may influence what I do, and I understand why
7   you view it as important and why you, of course, want to get
8   the best deal.  If I was in your situation, I would want the
9   same things and I would expect my lawyer to assist me in
10  that.  Nonetheless, ultimately, you will receive the sentence
11  that I decide that you deserve.
12          So with that, let me hear from you about the issues
13  that you raised in your letter to me.
14          THE DEFENDANT:  Well, the thing that I don't agree
15  with is that agreement that was given to me -- I feel that I
16  cannot be sure about this and that agreement feels so harsh
17  to me.  So I asked the attorney if he can do something for me
18  and he tells me that he can't, that there's nothing more he
19  can do.  And he just wants me to sign and then I don't
20  know -- I -- and he tells me -- he wants me to sign this
21  deal, but I don't know if I should sign it or not.
22          So I would like another attorney so I could get a
23  more fair deal.  It was all I want.
24          THE COURT:  Thank you, Mr. Garcia-Rodriguez.  I
25  understand why you feel that way and your sentiments about

1  the plea agreement are understandable.  Nonetheless,
2  ultimately, it is not Mr. Meza who is writing the deal; it is
3  the prosecutor.  And the prosecutors in this court first do
4  usually insist on harsh deals.  And, second, there is not a
5  tradition in this courthouse of having a lot of negotiation.
6  Of course, your lawyer should attempt to get the best deal
7  possible and can try to negotiate, but once the deal is given
8  there is only so much that can be done.  There is not a lot
9  of back and forth.  It's not like buying a car or even trying
10 to settle a dispute between two people over money, like a car
11 accident.  And, therefore, while I sympathize with your
12 position, I don't believe that this is a basis for giving you
13 a new lawyer.
14         Ultimately, a different lawyer might very well find
15 himself or herself in the same position.  I don't think
16 really your complaint so much is with Mr. Meza as it is with
17 the plea agreement.  And that is at some point something
18 outside of his control.
19         Nonetheless, you do deserve a lawyer with whom you
20 would work and I'll remind Mr. Meza, but he's very
21 experienced -- he knows this -- that you're his client, that
22 he has to listen to your concerns, he has to explain to you
23 why this is the best deal.  You have to see him working for
24 you.  Now, as I said, it is entirely up to you whether to
25 accept this plea agreement or a different plea agreement or

1  go to trial.  But, ultimately, you have to decide whether to
2  go to trial or accept this plea agreement.  And I am sure Mr.
3  Meza will spend time with you trying to decide whether that
4  is a good idea or not.  You know, he has indicated to you
5  that he believes that it is in your best interest to sign the
6  plea agreement, and you should carefully weigh his advice.
7         Nonetheless, that is a decision that's up to you.
8  If you decide to go to trial, no one is going to force you to
9  plead guilty.  And I will do my best to give you a fair
10 trial.
11        However, if do you decide to accept the plea
12 agreement then, ultimately, the sentence will be the sentence
13 that I decide you deserve.  As I said -- and Mr. Meza will
14 have many opportunities both in writing and here in court to
15 convince me that you deserve a more lenient sentence.
16        So with that, your request --
17        MR. MEZA:  Your Honor, may I just --
18        THE COURT:  You may, Mr. Meza.
19        MR. MEZA:  If that's what this was just about,
20 which is what I thought initially before I read the letter it
21 was about, I wouldn't be asking to address the Court.  But
22 after heading this letter, the representations in it that he
23 made about how I have dealt with this issue are beyond false,
24 and I am not pleased at all with -- it's not even a
25 mischaracterization, it's just not true that I haven't put

```
 1    the effort or time in explaining this to him and he comes up
 2    with these untruths to make it sound like I'm not doing
 3    anything.  And I've got plenty of detail to go into, but I
 4    have spent many hours, many days, not only negotiating with
 5    the Government who actually succeeded to a couple of the
 6    requests, but spent time discussing this with him, answering
 7    every question that he posed, not only questions he posed,
 8    but questions that his family posed and spent hours with them
 9    in addition.  And for him to come in and tell this Court that
10    I basically haven't done anything and have made no effort and
11    refused to communicate with him just isn't true.
12              THE COURT:  Well, Mr. Mesa, this letter clearly was
13    written by someone at MDC.  It is in much more formal
14    language than Mr. Garcia-Rodriguez would use.  It is written
15    in the English language.  I think it is more -- I think the
16    letter should be seen as expressing certain sentiments and,
17    frankly, everyone who is in custody under these circumstances
18    at times is going to have a sense of frustration with his or
19    her lawyer and that -- the two of you are just going to have
20    to work together.
21              Mr. Garcia-Rodriguez has to be realistic about what
22    you or any lawyer can do for you.  And you, as a member of
23    the panel, as you have done for many, many years, including
24    when I was a prosecutor many years ago, will get along with
25    your clients.  And I'm sure as you have -- as you have in the
```

```
 1   past, you will do that now.  And I think here -- look, I
 2   understand why the two of you can get frustrated when
 3   Mr. Garcia-Rodriguez is in this difficult position.  I don't
 4   assume that everything in this letter is precisely as it is
 5   set forth here in English, but basically what will remain the
 6   situation whether it's you or a new lawyer or anybody else is
 7   Mr. Garcia-Rodriguez will have to make a difficult and
 8   unpleasant decision whether to accent plea agreement or not.
 9   And, ultimately, as you have explained to him, the plea
10   agreement will be what Mr. Pelham wants it to be.
11             With that, I just don't see any point in getting a
12   new lawyer when you are capable of either trying this case,
13   if that's what Mr. Garcia-Rodriguez wants, or vigorously
14   arguing for him at sentencing if that's what he decides to do
15   in accepting the plea.  The only thing that would arise from
16   appointing a new lawyer is delay, and I don't intend to do
17   that.
18             With that, the two of you will simply have to get
19   along and I'm sure you will convince him and his family you
20   are doing everything you can for him.  I have no reason to
21   think that's not the case.
22             Mr. Garcia-Rodriguez, while I sympathize with your
23   position, as I said, your request for a new lawyer is denied.
24   I urge you to once again talk to Mr. Meza very honestly from
25   the heart about what is in your interest.  Is it to go to
```

1    trial or is it to accept plea agreement?  And that is the
2    difficult decision that you must make and it's a decision
3    entirely for you.  I won't make it for you.  I'm not allowed
4    to and I wouldn't do it if I could.  And Mr. Meza will try
5    this case if you decide and your family decides that's what
6    you want to do.
7              Mr. Garcia-Rodriguez, is there anything else you
8    would like to say to me?
9              THE DEFENDANT:  No.  That was all.  I apol -- that
10   was all and I apologize to the attorney for saying those
11   things.  I only ask -- I only asked to have it written down
12   that I wanted to change the attorney.  I don't know what that
13   person that wrote the letter put in there.  So I feel it's
14   better for me if I apologize to him and then I'll stay with
15   him and do this.  I apologize for what I've done.
16             THE COURT:  All right.  There's no need for you to
17   apologize, Mr. Garcia-Rodriguez.  If you choose to plead
18   guilty then I will not consider this in deciding what a just
19   sentence is for you; and if you decide to go to trial, you
20   will receive a fair trial.
21             THE DEFENDANT:  So I do have to sign -- accept that
22   right now?
23             THE COURT:  No.  You can talk again with Mr. Meza
24   to decide what it is that you want to do.
25             THE DEFENDANT:  Oh, okay.  All right.  Thank you.

```
 1              THE COURT:  All right.  Let's invite Mr. Pelham
 2   back.
 3              (End of in camera proceedings.)
 4              (Government counsel return to courtroom.)
 5              THE COURT:  The courtroom is again open.  The
 6   Government has returned to the courtroom.
 7              Mr. Pelham, there are no changes in the case.
 8   However, I do expect the Government to be flexible in
 9   demanding a response to the plea agreement so Mr. Meza and
10   Mr. Garcia-Rodriguez will have sufficient time make that
11   important decision.
12              MR. PELHAM:  Understood, Your Honor.
13              THE COURT:  With that, then, Counsel good luck with
14   the case.
15              Mr. Garcia-Rodriguez, I will either see you here
16   for trial or for a guilty plea.  And as I said, it is
17   entirely up to you which of those two things take place.
18              (End of proceedings.)
19                           --oOo--
20
21
22
23
24
25
```

CERTIFICATE OF REPORTER

COUNTY OF LOS ANGELES )
) SS.
STATE OF CALIFORNIA )

I, Rosalyn Adams, Official Court Reporter, in and for the United States District Court for the Central District of California, do hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the judicial conference of the United States.

DATED: September 9, 2015

    **/S/  ROSALYN ADAMS**

ROSALYN ADAMS, CSR 11794
OFFICIAL COURT REPORTER