1    UNITED STATES OF AMERICA

2    UNITED STATES DISTRICT COURT

3    CENTRAL DISTRICT OF CALIFORNIA

4    CENTRAL DIVISION

5    - - -
     HONORABLE MICHAEL W. FITZGERALD
6    UNITED STATES DISTRICT JUDGE PRESIDING
     - - -
7

8    UNITED STATES OF AMERICA,          )
                                        )
9                   PLAINTIFF,          )
                                        )
10   VS.                               )    CR 14-267-MWF
                                        )       (SEALED)
11   SANTOS CARLOS GARCIA-RODRIGUEZ,   )
                                        )
12                  DEFENDANT.          )
     _____)
13

14

15

16   **_REPORTER'S TRANSCRIPT OF SENTENCING HEARING_**

17               LOS ANGELES, CALIFORNIA

18               FEBRUARY 4, 2015

19

20

21

22

23            ROSALYN ADAMS, CSR 11794
           FEDERAL OFFICIAL COURT REPORTER
24         312 NORTH SPRING STREET, ROOM 410
            LOS ANGELES, CALIFORNIA 90012
25                (213) 894-2665

```
 1    APPEARANCES:

 2    ON BEHALF OF THE PLAINTIFF:

 3              Office of the United Stater Attorney
                Assistant United States Attorney
 4              BY:  Christopher K. Pelham
                Major Frauds Section
 5              312 North Spring Street
                Suite 1100
 6              Los Angeles, California 90012
                (213) 894-0610
 7

 8    ON BEHALF OF DEFENDANT:

 9              Law Offices of Michael S. Meza
                BY:  Michael S. Meza
10              333 City Boulevard West
                17th Floor
11              Orange, California 92868
                (714) 564-2501
12

13

14

15

16

17

18

19

20

21

22

23    ALSO PRESENT:  Elsa Martin, Spanish Language Interpreter

24

25
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT

```
 1      Los Angeles, California; Wednesday, February 4, 2015; 11:00

 2                            --oOo--

 3

 4

 5           THE CLERK:  Calling item number one, case number CV

 6   14-267-MWF:  *United States v. Santos Carlos Garcia-Rodriguez*.

 7           Counsel, please state your appearance for the

 8   record.

 9           MR. PELHAM:  Good morning, Your Honor.

10           Christopher Pelham with the United States.

11           THE COURT:  Mr. Pelham.

12           MR. MEZA:  Good morning, Your Honor.

13           Mike Meza on behalf of Mr. Garcia-Rodriguez, who's

14   present in custody being assisted by the Spanish Language

15   Interpreter.

16           THE COURT:  Good morning, Mr. Meza.

17           Good morning, Mr. Garcia-Rodriguez.

18           THE DEFENDANT:  Good morning.

19           THE COURT:  Mr. Garcia-Rodriguez, you're here

20   because I'm told you want to plead guilty to a lesser

21   included offense to the charge in Count One of the indictment

22   and that this guilty plea would be according to a plea

23   agreement that you recently reached with United States

24   Government on February 2nd.

25           Is that what you want to do today?
```

```
1              THE DEFENDANT:  Yes, that's right.

2              THE COURT:  Before I can accept your guilty plea,

3   I'm going to be asking you some questions.  I'll ask you

4   about your state of mind today to make this important

5   decision.  I'll ask you about your understanding of the

6   Constitutional Rights that you have and whether you wish to

7   give those up by pleading guilty.  I'll talk to you about the

8   crime charged and about the potential sentence that you're

9   facing.

10             Do you understand that that's what we'll be doing

11  here today?

12             THE DEFENDANT:  Yes.

13             THE COURT:  If at any time you don't understand

14  what I'm saying to you, then you can ask me to explain myself

15  or can you speak to Mr. Meza.

16             Do you understand that?

17             THE DEFENDANT:  Uh-huh, yes.

18             THE COURT:  Now my clerk, Ms. Sanchez, is now going

19  place you under oath.  Do you understand that if you take

20  that oath you have to tell the truth.  If you don't, you'll

21  be subject to a further and different prosecution, this time

22  for perjury or false statement, instead of for a drug crime.

23             Do you understand that?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Ms. Sanchez, please place the defendant
```

```
 1    under oath.

 2              THE CLERK:  Yes, Your Honor.

 3                    (Defendant sworn.)

 4              THE COURT:  Sir, what is your true and correct full

 5    name?

 6              THE DEFENDANT:  Santos Carlos Garcia-Rodriguez.

 7              THE COURT:  How old are you, Mr. Garcia-Rodriguez?

 8              THE DEFENDANT:  I am 57, almost 58.

 9              THE COURT:  And how many years of school have you

10    completed?

11              THE DEFENDANT:  Up to the 6th grade.

12              THE COURT:  Have you discussed your case with Mr.

13    Meza?

14              THE DEFENDANT:  Yes.

15              THE COURT:  These next questions are going to seem

16    strange because you're in custody, but I do have to ask them.

17              Right now are you under the influence of alcohol

18    narcotics or some form of medication?

19              THE DEFENDANT:  No, nothing like that.

20              THE COURT:  Have you been under that influence

21    recently, let's say, within the last three days?

22              THE DEFENDANT:  Like, I have to have medicine for

23    diabetes, that's all.

24              THE COURT:  And that medicine does not affect your

25    ability to think clearly?
```

```
 1                THE DEFENDANT:  No, no.
 2                THE COURT:  Now, since you were taken into custody,
 3    have you been treated for some form of mental illness?
 4                THE DEFENDANT:  No.
 5                THE COURT:  And do you suffer from any form of
 6    mental illness or disability that keeps you from
 7    understanding the crime with which you're charged or what
 8    might happen to you if you plead guilty?
 9                THE DEFENDANT:  No, I don't have any of those
10    problems.
11                THE COURT:  Can you think of any reason not to
12    plead guilty today?
13                THE DEFENDANT:  No.
14                THE COURT:  Mr. Meza, have you talked to
15    Mr. Garcia-Rodriguez about the hearing today?
16                MR. MEZA:  Yes.
17                THE COURT:  Do you have any reason to believe that
18    he should not plead guilty today?
19                MR. MEZA:  No.
20                THE COURT:  Do you believe is he in possession of
21    his faculties and is competent to proceed?
22                MR. MEZA:  Yes.
23                THE COURT:  Based on the statements of the
24    defendant and his lawyer and my own observations, I find that
25    the defendant is in full possession of his faculties and is
```

1    competent to proceed.

2          Mr. Garcia-Rodriguez, you have the right to have

3    the indictment read here in open court.

4          Are you willing to give up that right and go

5    forward with this hearing without having the indictment read?

6          THE DEFENDANT:  Yes.

7          THE COURT:  My next set of questions, sir, is about

8    your Constitutional Rights.  I'm going to list these

9    Constitutional Rights for you and then I'll ask you if you

10   understand them and I'll ask you if you're willing to give

11   them up.  If at any time you don't understand one of your

12   rights, let me know and I'll talk to you about it more or you

13   can talk to Mr. Meza.

14         These are your rights:  You have the right to plead

15   not guilty and to persist in that plea.  You have the right

16   to a speedy and public trial by jury.  At that trial you

17   would be presumed innocent.  The Government would have the

18   burden of proving your guilt by proving each element of the

19   crime charged beyond a reasonable doubt.  You could decide to

20   give up your right to a jury trial and, if both you and the

21   Government did so, then you would be tried by me without a

22   jury.

23         You have the right to be represented by a lawyer

24   for your defense at trial and at every other stage of your

25   case trial.  If you can't afford a lawyer then I will appoint

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT**

1    a lawyer for you.  In other words, Mr. Meza will be your

2    lawyer.  And that's true even if you don't plead guilty.  You

3    have the right at trial to cross-examine the witnesses

4    against you.  In other words, you would see and hear what

5    those witness had to say and you would be able to watch your

6    lawyer ask some questions on your behalf.

7            At trial you would have the right to testify on

8    your own behalf, and you would also have the right to present

9    evidence against the charges.  You would have the right to

10   force witnesses to come to court to testify even if the

11   witness didn't want to do that and to bring any evidence that

12   would be helpful to you.  However, you also have the right

13   not to testify.  If you went to trial and decided not to

14   testify, that fact could not be used against you.  In other

15   words, the jury could not use the fact that you didn't

16   testify in deciding whether you were innocent or guilty.  By

17   pleading guilty you're giving up that right and you will be

18   incriminating yourself.  You have the right to have your

19   release conditions determined by a law called the Bail Reform

20   Act.  Since you're detained, what that means is that you do

21   have the right to ask that you get bail.  That decision's

22   been made and it's unlikely that I would change my mind, but

23   you do have the right to ask.

24           And, finally, you have the right to appeal your

25   conviction if you went to trial and were convicted; and after

```
 1    I sentenced you, you would have the right to appeal that
 2    sentence.  Now, these are all the rights that you have right
 3    now and they are the rights that you are giving up by
 4    pleading guilty.
 5              Has your lawyer talked to you about your rights?
 6              THE DEFENDANT:  Yes.
 7              THE COURT:  Do you understand your rights?
 8              THE DEFENDANT:  Yes.  Yes.
 9              THE COURT:  Do you have any questions about any of
10    your rights?
11              THE DEFENDANT:  No, not really.
12              THE COURT:  Do you need any more time to talk to
13    your lawyer about your rights?
14              THE DEFENDANT:  No, that's fine.
15              THE COURT:  Do you understand that if you plead
16    guilty, you will be incriminating yourself?  In other words,
17    you will be telling me and the whole world that you really
18    are guilty of the charge.
19              THE DEFENDANT:  Yes, that's fine.
20              THE COURT:  Do you understand if you plead guilty
21    there will be no trial.  The only thing left will be for me
22    to sentence you?
23              THE DEFENDANT:  Yes, I understand.
24              THE COURT:  Do you understand that if you plead
25    guilty, you will have waived or given up each of the rights
```

1  that I have just described?

2          THE DEFENDANT:  Yes, and that's fine.

3          THE COURT:  Do you give up these rights?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Are you entering your guilty plea

6  freely and voluntarily?

7          THE DEFENDANT:  Yes, yes.

8          THE COURT:  Has anyone threatened you or brought

9  fear to bear upon you, your family, or anyone close to you to

10  get you to plead guilty?

11          THE DEFENDANT:  No, not at all.

12          THE COURT:  Mr. Meza, are you satisfied that each

13  of these waivers is knowingly, voluntarily and intelligently

14  made?

15          MR. MEZA:  Yes.

16          THE COURT:  Do you join and concur in each of these

17  waivers?

18          MR. MEZA:  Yes.

19          THE COURT:  Mr. Garcia-Rodriguez, my next set of

20  questions is going to be about the crime with which you are

21  charged.  That crime is a violation of Title 21, United

22  States Code Sections 836, 841(a)(1) and 841(B)(1)(C), which

23  are conspiracy to distribute and possess with intent to

24  distribute methamphetamine.

25          I'll now ask the prosecutor to state the elements

1    of this crime.

2              MR. PELHAM:  Your Honor, as set forth in Paragraph

3    4, defendant understands that for him to be guilty of the

4    crime charged of the lesser included form of the crime

5    charged in Count 1 of the indictment, that is conspiracy to

6    distribute methamphetamine, in violation of 21 USC Section

7    846, the Government would have to prove the following beyond

8    a reasonable doubt at trial:  That, first, on the dates set

9    forth in the indictment there was an agreement between two or

10   more persons to commit the crime of distribution of

11   methamphetamine in violation of 21 USC Section 841(a)(1);

12   and, second, that defendant became a member of this

13   conspiracy knowing of this objective and intending to help

14   accomplish it.

15             THE COURT:  Thank you.

16             Mr. Garcia-Rodriguez, do you understand the nature

17   of the crime charged?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Have you discussed that crime and the

20   elements of the crime with your lawyer?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Do you have any questions about the

23   crime?

24             THE DEFENDANT:  No, none.

25             THE COURT:  Now in the written plea agreement at

```
 1    Paragraph 9, pages 5 through 7, there's a section called the
 2    factual basis.  The factual basis sets forth the reasons --
 3    sets forth what you did that show you really are guilty of
 4    this crime.
 5             Have you read the factual basis?
 6             THE DEFENDANT:  Yes.
 7             THE COURT:  Have you discussed the factual basis
 8    with your lawyer?
 9             THE DEFENDANT:  Yes.
10             THE COURT:  Mr. Meza, is that correct?
11             MR. MEZA:  Yes.  If I could just add -- I'm
12    sorry -- he didn't actually read it.  It was interpreted for
13    him.
14             THE COURT:  Thank you.
15             Mr. Garcia-Rodriguez, did an interpreter translate
16    that section of the plea agreement for you into Spanish?
17             THE DEFENDANT:  Yes.
18             THE COURT:  And did you understand the Spanish when
19    you heard it?
20             THE DEFENDANT:  Yes.
21             THE COURT:  Do you understand this factual basis?
22             THE DEFENDANT:  Yes.
23             THE COURT:  Based on what you heard the interpreter
24    say, do you agree with what's written there?
25             THE DEFENDANT:  Yes.
```

```
 1              THE COURT:  And did you do the things that the
 2    factual basis says that you did?
 3              THE DEFENDANT:  Some of them, I don't think so, but
 4    I have to accept them.
 5              THE COURT:  All right.  Mr. Garcia-Rodriguez, the
 6    factual basis says that you reached an agreement with other
 7    people to distribute methamphetamine.
 8              Is that what you did?
 9              THE DEFENDANT:  Only with one person, the person
10    that called me, the one that I went to see, but I didn't see
11    anybody else.
12              THE COURT:  All right.  And then it states here
13    that you took very -- various actions with that person, for
14    instance, on the phone.
15              Did you do that?
16              THE DEFENDANT:  Yes.  We talked.
17              THE COURT:  And did you take various actions in
18    regard to the stash house?
19              THE DEFENDANT:  Yes.
20              THE COURT:  All right.
21              Mr. Pelham, is the Government satisfied with the
22    factual basis?
23              MR. PELHAM:  Could I just ask one clarifying
24    question, Your Honor?
25              THE COURT:  Yes.
```

```
 1            MR. PELHAM:  Could I please ask the defendant
 2    whether or not he admits that he agreed with at least one
 3    other person to distribute methamphetamine from that stash
 4    house?
 5            THE COURT:  All right.
 6            Mr. Garcia-Rodriguez, did you agree with at least
 7    one other person to distribute methamphetamine from the stash
 8    house that's described in the plea agreement?
 9            THE DEFENDANT:  Well, I really don't remember.
10            THE COURT:  Mr. Meza, would you like to speak to
11    Mr. Garcia-Rodriguez, please?
12            MR. MEZA:  Yes, thank you.
13            Why don't we just step off to the side.
14            THE COURT:  You may.
15            (Counsel confers with the defendant.)
16            MR. MEZA:  Thank you, Your Honor.
17            THE COURT:  Mr. Garcia-Rodriguez, did you reach an
18    agreement with the person who you mentioned, who is described
19    in the plea agreement as a leader of the conspiracy, to
20    distribute methamphetamine from the stash house?
21            THE DEFENDANT:  Yes.
22            THE COURT:  Mr. Pelham, anything else?
23            MR. PELHAM:  I'll accept that basis, Your Honor.
24            THE COURT:  Now, Mr. Garcia-Rodriguez, do you
25    understand that if this case went to trial, you could not be
```

1    forced to make the admission that you've just made to me,

2    rather the burden would be on the Government to prove that

3    beyond a reasonable doubt?

4         THE DEFENDANT:  Yes.

5         THE COURT:  Now, Mr. Garcia-Rodriguez, have you

6    been told what the maximum penalty is for the crime if you

7    plead guilty?

8         THE DEFENDANT:  No.

9         THE COURT:  Well, the prosecutor is going to do

10   that right now.

11        MR. PELHAM:  As set forth, Your Honor, in

12   paragraph -- Paragraph 5 of the plea agreement defendant

13   understands that the statutory maximum sentence that the

14   Court can impose for a violation -- for the lesser included

15   violation of Title 21, United States Code Sections 846,

16   841(A)(1) and 841(B)(1)(C) is 20 years' imprisonment, a

17   lifetime period of supervised release, a fine of $10 million

18   or twice the gross grain or gross loss resulting from the

19   offense, whichever is greatest; and a mandatory special

20   assessment of $100.  There is no mandatory minimum sentence

21   that the Court must impose.

22        THE COURT:  Do you understand,

23   Mr. Garcia-Rodriguez, that if you plead guilty then,

24   possibly, you could receive the sentence that the prosecutor

25   just mentioned?

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT**

1          THE DEFENDANT:  Yes.

2          THE COURT:  The prosecutor mentioned supervised

3     release, that is like probation or parole; but instead of

4     being in place of a prison sentence, it's added on to any

5     prison sentence that I give you.  You'll be under the

6     supervision of the Court on certain terms and conditions, and

7     if you violate those terms and conditions you could be sent

8     back to prison.

9          Do you understand that?

10         THE DEFENDANT:  Okay, yes.

11         THE COURT:  Now, this is not terribly likely to

12    happen, but it could.  If I were to sentence you to the full

13    20 years, and I have to idea what my sentence might be right

14    now, I'm not saying that's going to happen at all.  But if I

15    did sentence you to the 20 years and you served that time and

16    you then were on supervised release, you violated the terms

17    and conditions of supervised release and were sent back to

18    prison, in that situation you could serve more than the

19    maximum amount of time the prosecutor just said.

20         Do you understand that that could at least, in

21    theory, happen?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Now, do you understand that if you are

24    on parole or probation or supervised release in some other

25    case, that by pleading guilty here today that could lead to

1     the revocation of that parole or probation or supervised

2     release?

3               THE DEFENDANT:  Yes.

4               THE COURT:  Now, I'm not saying that this is going

5     to happen, but I just want the record to be clear.  If you

6     were about to be prosecuted for some other crime, maybe in

7     Superior Court, and you were ultimately convicted of that

8     crime and sentenced to prison, you couldn't count on that

9     sentence and the sentence I give you as running together or

10    concurrently.  What's much more likely is that they would run

11    one after the other or consecutively.

12              Do you understand that?

13              THE DEFENDANT:  Yes.

14              THE COURT:  Do you understand that if you are not a

15    citizen of the United States, this plea and conviction has

16    severe immigration consequences.  It is extremely likely that

17    you would be deported or removed from the United States after

18    serving your sentence, that the guilty plea will result in

19    the denial of naturalization or a citizenship application in

20    the future, participation in some amnesty program, obtaining

21    a green card or other residency status or even being allowed

22    to visit the United States in the future.

23              Do you understand that?

24              THE DEFENDANT:  Yes.

25              THE COURT:  And do you understand that by pleading

```
 1    guilty you're giving up valuable civil rights, such as the
 2    right to vote or possess a firearm or hold office or the
 3    right to serve on a jury?
 4              THE DEFENDANT:  Yes.
 5              THE COURT:  All right.  Do you have any questions
 6    about the possible consequences of your plea?
 7              THE DEFENDANT:  No, not at this time.  No.
 8              THE COURT:  I'm now going to ask you some questions
 9    about the sentencing guidelines.  As I'm sure Mr. Meza has
10    talked to you about, the sentencing guidelines are a set of
11    rules that will result in a recommended sentence.  That
12    recommended sentence is based on two numbers:  An offense
13    level which reflects the seriousness of your crime and the
14    criminal history category.  I don't know if you have a
15    criminal history or not but, if you do, then there might be a
16    criminal history category number.
17              So do you have a rough sense that that's how the
18    guidelines work?
19              THE DEFENDANT:  Yes.
20              THE COURT:  Now, in the plea agreement you and the
21    Government have agreed on a base offense level of 32, but
22    there's no agreement on the criminal history category.
23              Do you understand that?
24              THE DEFENDANT:  Yes.
25              THE COURT:  There are three things that I want to
```

```
 1    talk to you about, about that offense level of 32.  First, it
 2    says in the plea agreement that if you are determined under
 3    the guidelines to be a career offender, then that number 32
 4    will no longer apply.
 5            Do you understand that that is how the plea
 6    agreement works?
 7            THE DEFENDANT:  Yes.
 8            THE COURT:  Another thing is that I might disagree
 9    with that number 32.  I could decide that the number should
10    be lower, but I could also decide that the number should be
11    higher and that the guideline sentence should be harsher than
12    what you are you hoping for.
13            Do you understand that that could happen?
14            THE DEFENDANT:  Yes.
15            THE COURT:  Do you also understand that, even if we
16    all agree on the guidelines, including that number 32 -- you
17    Mr. Meza, the prosecutor, the probation office and I agree as
18    well -- I could simply sentence you differently.  I could
19    sentence you outside the recommended range from the
20    sentencing guidelines, I could sentence you more leniently,
21    but I could also sentence you more harshly.
22            Do you understand that?
23            THE DEFENDANT:  Yes.
24            THE COURT:  Therefore, the only thing that you
25    could be certain about right now is that your sentence will
```

```
 1   not exceed the maximum sentence that the prosecutor mentioned

 2   earlier, including 20 years in prison and possibly a lifetime

 3   period of supervised release.

 4            Now, do you understand that?

 5            THE DEFENDANT:  Yes.

 6            THE COURT:  Earlier I mentioned the right to appeal

 7   either the conviction, if you went to trial and lost, or you

 8   could appeal the sentence that I imposed on you after being

 9   convicted by a jury.

10            In the plea agreement there are very strong

11   limitations on your right to appeal and I'm now going to ask

12   the prosecutor to describe those.

13            MR. PELHAM:  Paragraph 16 of the plea agreement,

14   Your Honor, defendant agrees that provided that the Court

15   imposes a total term of imprisonment on all counts of

16   conviction of no more than 180 months, he gives up the right

17   to appeal all of the following:  The procedures and

18   calculations used to determine and impose any portion of the

19   sentence, the term of imprisonment imposed by the Court, the

20   fine imposed by the Court provided that is within the

21   statutory maximum, the term of probation or supervised

22   release imposed by the Court provided that that is within the

23   statutory maximum, and any of the conditions of probation or

24   supervised release imposed by the Court that are set forth in

25   Paragraph 16.
```

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT**

```
 1              THE COURT:  All right.  Thank you, Mr. Pelham.

 2              Mr. Garcia-Rodriguez, do you understand that you

 3    are giving up your rights to appeal on the terms and

 4    conditions that the prosecutor just stated?

 5              THE DEFENDANT:  Yes.  Yes.

 6              THE COURT:  And have you discussed that with Mr.

 7    Meza?

 8              THE DEFENDANT:  Yes.

 9              THE COURT:  In light of that discussion and having

10    considered the issue, do you now give up your rights to

11    appeal on the terms and conditions just stated?

12              THE DEFENDANT:  Yes.

13              THE COURT:  I'm now going to ask you some questions

14    about the plea agreement.  Mr. Garcia-Rodriguez, was all of

15    the written plea agreement read to you in Spanish by an

16    interpreter?

17              THE DEFENDANT:  Yes.

18              THE COURT:  Did you discuss the plea agreement with

19    your lawyer before you signed it?

20              THE DEFENDANT:  Yes.

21              THE COURT:  Do you need any more time to talk to

22    him about the plea agreement?

23              THE DEFENDANT:  No, it's all right.  I understand

24    everything.

25              THE COURT:  Now in that regard, do you believe that
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT

1    you understand what's written down in the plea agreement?

2              THE DEFENDANT:  Yes.

3              THE COURT:  And did you sign the plea agreement?

4              THE DEFENDANT:  Uh-huh, yes.

5              THE COURT:  Thank you.

6              Mr. Meza, did Mr. Garcia-Rodriguez sign the plea

7    agreement in your presence?

8              MR. MEZA:  Yes.

9              THE COURT:  Does the plea agreement represent the

10   entire agreement between him and the Government?

11             MR. MEZA:  Yes.

12             THE COURT:  Do you believe and does he believe that

13   it is in his best interest to enter into this plea agreement?

14             MR. MEZA:  Yes.

15             THE COURT:  Is it your opinion that

16   Mr. Garcia-Rodriguez is entering into this plea agreement

17   freely and voluntarily and with full knowledge of the crime

18   charged and the potential consequences of pleading guilty?

19             MR. MEZA:  Yes.

20             THE COURT:  Have there been any promises,

21   representations, or guarantees made either to him or to you

22   other than those contained in the written plea agreement?

23             MR. MEZA:  No.

24             THE COURT:  Other than what is contained in the

25   written plea agreement and other than a general discussion of

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT

```
 1   sentencing ranges under the sentencing guidelines, have you
 2   promised Mr. Garcia-Rodriguez a specific sentence in the
 3   event that he pleads guilty?
 4            MR. MEZA:  No.
 5            THE COURT:  Mr. Garcia-Rodriguez, do you understand
 6   that this plea agreement is an agreement between you and the
 7   United States government, but it is not an agreement between
 8   you and me?
 9            MR. MEZA:  Yes.  Yes.
10            THE COURT:  Do you understand that I'm under no
11   obligation to accept positions or recommendations that the
12   Government has agreed to make on your behalf?
13            THE DEFENDANT:  Yes.
14            THE COURT:  Do you understand that, even if I do
15   reject the Government's recommendations, that fact alone
16   would not give you the right to withdraw your guilty plea?
17            THE DEFENDANT:  Yes.
18            THE COURT:  Are the terms of the written plea
19   agreement the entire agreement that you have with United
20   States Government?
21            THE DEFENDANT:  Yes.
22            THE COURT:  Do you understand then that if
23   something is not written down in this plea agreement, you
24   should not rely on it for anything, including relying on it
25   in order to plead guilty?
```

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT**

```
 1                 THE DEFENDANT:  Yes.

 2                 THE COURT:  Therefore, are you relying only on

 3    what's written down in that plea agreement in order to plead

 4    guilty?

 5                 THE DEFENDANT:  Yes.

 6                 THE COURT:  Mr. Pelham, other than what is written

 7    down in the plea agreement, has the Government made any

 8    promises, representations, or guarantees either to

 9    Mr. Garcia-Rodriguez or to his lawyer?

10                 MR. PELHAM:  It has not, Your Honor.

11                 THE COURT:  Mr. Garcia-Rodriguez, are you satisfied

12    with the representation that your lawyer has given to you?

13                 THE DEFENDANT:  Yes.

14                 THE COURT:  Have you told him everything you know

15    about your case?

16                 THE DEFENDANT:  Yes.

17                 THE COURT:  Do you believe that he's considered any

18    defense that you might have to the crime charged?

19                 THE DEFENDANT:  Yes.

20                 THE COURT:  Do you believe that he's advised you

21    fully concerning your case?

22                 THE DEFENDANT:  Yes.

23                 THE COURT:  Have you had enough time to discuss

24    your case with him?

25                 THE DEFENDANT:  Yes.
```

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT**

1          THE COURT:  Do you understand that right now you

2     don't have to plead guilty, all you have to do is tell me

3     that you've changed your mind, I'll release you from the plea

4     agreement and you can go to trial on this charge.

5          Do you understand that?

6          THE DEFENDANT:  Yes.

7          THE COURT:  But in a few moments, if you do plead

8     guilty, then you will be stuck with that.  After that --

9     after that guilty plea, but before I sentence you, you would

10    need a fair and just reason to withdraw your guilty plea and

11    based on the plea agreement and based on what you're telling

12    me here today it would be extremely, extremely difficult for

13    you to do that.

14         The time to change your mind, in other words, is

15    now before you pleaded guilty, not after you pleaded guilty.

16         Do you understand that?

17         THE DEFENDANT:  Yes.

18         THE COURT:  Now once I sentence you, you will have

19    no right to withdraw your guilty plea you would need to

20    attack that plea agreement by an appeal or by some other

21    attack on the guilty plea guilty plea and based on the plea

22    agreement and what you told me here today it would be

23    extremely, extremely difficult for you to do that.

24         Do you understand that?

25         THE DEFENDANT:  Yes.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT**

```
 1              THE COURT:  Has your attorney or anyone else
 2    promised you the sentence that you'll receive if you do plead
 3    guilty?
 4              THE DEFENDANT:  No.
 5              THE COURT:  Understanding everything I've said to
 6    you so far do you still wish to plead guilty?
 7              THE DEFENDANT:  Yes.
 8              THE COURT:  Are you pleading guilty because if
 9    truth and, in fact, are you guilty of the crime charged in
10    the indictment?
11              THE DEFENDANT:  Yes.
12              THE COURT:  Is there any reason for you to say that
13    you're guilty plea is not freely and voluntarily or knowingly
14    offered?
15              THE DEFENDANT:  No, none.
16              THE COURT:  Can you think of any reason that you
17    should not plead guilty?
18              THE DEFENDANT:  No, there's none.
19              THE COURT:  Mr. Meza, have you fully advised
20    Mr. Garcia-Rodriguez?
21              MR. MEZA:  Yes.
22              THE COURT:  Have you made him any promises about
23    the sentence that he will receive?
24              MR. MEZA:  No.
25              THE COURT:  Do you concur in his plea?
```

```
 1                   MR. MEZA:  Yes.
 2                   THE COURT:  Is it made with your advice and
 3   consent?
 4                   MR. MEZA:  Yes.
 5                   THE COURT:  Is there a factual basis for the plea,
 6   in your judgment?
 7                   MR. MEZA:  Yes.
 8                   THE COURT:  Do you believe that his plea is being
 9   made voluntarily?
10                   MR. MEZA:  Yes.
11                   THE COURT:  And do you believe he understands the
12   nature of the crime charged and the potential consequences of
13   pleading guilty?
14                   MR. MEZA:  Yes.
15                   THE COURT:  Ms. Sanchez, please take the plea.
16                   THE CLERK:  Yes, Your Honor.
17                   Is Santos Carlos Garcia-Rodriguez your true and
18   correct name?
19                   THE DEFENDANT:  Yes.
20                   THE CLERK:  How do you now plead to the lesser
21   included offense charged in Count One of the indictment?
22   Guilty or not guilty?
23                   THE DEFENDANT:  Guilty.
24                   THE COURT:  The Court makes the following findings
25   and orders.  The defendant has appeared with his lawyer and
```

1    the lawyer represents that he has conferred with the

2    defendant and that the defendant is pleading guilty with his

3    lawyer's advice.

4          The Court has addressed the defendant personally

5    and has asked him questions under oath to determine that his

6    guilty plea is made voluntarily with an understanding of the

7    crime charged, the potential consequences of pleading guilty,

8    and to determine if defendant is, in fact, guilty.  The Court

9    has observed the defendant; his demeanor, manner,

10   intelligence and attitude and finds that the defendant is

11   free and coercive of influences of any kind, that the

12   defendant's guilty plea is intelligently made, that the

13   defendant is pleading guilty because he did actually commit

14   the crime charged and for no other reason and that he is, in

15   fact, guilty as charged.

16         It is, therefore, ordered that this guilty plea be

17   accepted.  The guilty plea is determined and adjudicated to

18   have been made voluntarily, with an understanding of the

19   nature of the crime charged, the potential consequences of

20   pleading guilty and the factual basis for this guilty plea.

21         Counsel, there's a recommended sentencing date of

22   May 4th; is that correct?

23         MR. MEZA:  I believe so, yes.

24         THE COURT:  Mr. Pelham?

25         MR. PELHAM:  Yes, Your Honor.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT**

 1          THE COURT:  The Court sets the sentencing date as

 2    May 4th, 2015, at 2:00 p.m., in this courtroom.  The

 3    defendant and Counsel are ordered to return at that time and

 4    date and place without further order of the Court.

 5          The Court refers the matter to the United States

 6    Probation Office for a presentence investigation and

 7    preparation of a presentence report.

 8          Mr. Garcia-Rodriguez, I will see you in May.

 9          MR. MEZA:  Thank you, Your Honor.

10          THE COURT:  Anything else, Mr. Pelham?

11          MR. PELHAM:  No.  Thank you, Your Honor.

12          MR. MEZA:  Nothing.  Thank you, Your Honor.

13                    (End of proceedings.)

14                        --o0o--

15

16

17

18

19

20

21

22

23

24

25

1               CERTIFICATE OF REPORTER

2

COUNTY OF LOS ANGELES        )
3                              )   SS.
STATE OF CALIFORNIA          )

4

5

6    I, Rosalyn Adams, Official Court Reporter, in and for the

7    United States District Court for the Central District of

8    California, do hereby certify that pursuant to Section 753,

9    Title 28, United States Code, the foregoing is a true and

10   correct transcript of the stenographically reported

11   proceedings held in the above-entitled matter and that the

12   transcript page format is in conformance with the regulations

13   of the judicial conference of the United States.

14

15

16   DATED:  September 15, 2015

17

18   _____/S/___ROSALYN ADAMS_____

19   ROSALYN ADAMS, CSR 11794
     OFFICIAL COURT REPORTER

20

21

22

23

24

25

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT**